# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA NUNEZ YEOMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:06CV543 |
| vs. ) | |
| ) | ORDER |
| DLR GROUP SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

    This matter is before the court on defendant's Motion to Strike (Filing 5). Defendant contends paragraph XVII of the Complaint should be stricken pursuant to Fed. R. Civ. P. 12(f) as "immaterial and impertinent" to plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. §§12101-12213 ("ADA").

    All charges of discrimination must be filed with and reviewed by the EEOC or a state or local agency before the plaintiff can bring an employment discrimination lawsuit under the ADA. *See* 42 U.S.C. § 12117(a). In this regard, Paragraph XVII of the Complaint alleges:

> On July 22, 2005 Ms. Yeoman filed with the Equal Employment Opportunity Commission (EEOC) and the Nebraska Equal Opportunity Commission (NEOC) a charge of employment discrimination against the Defendant based upon perceived disability. The charge was investigated by the NEOC which on April 21, 2006 ruled in favor of Ms. Yeoman and issued its Determination that there was reasonable cause to believe Defendant had discriminated against Ms. Yeoman. On July 26, 2006 the EEOC issued to Ms. Yeoman its Notice of Right to Sue. All prerequisites to suit under 42 U.S.C. § 12101 *et seq.* have been met, and the matter is appropriate for determination in this court.

    Rule 26(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

    Without any elaboration, defendant cites *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304 (8th Cir. 1984), for the proposition that the allegation setting out the NEOC's ruling should be stricken from the Complaint.

In *Johnson*, the Eighth Circuit held that a trial court retains discretion to determine whether EEOC reports should be admitted in evidence at trial: "[W]e hold that in an employment discrimination case the admission of administrative findings, such as an EEOC reasonable cause determination, is to be left to the sound discretion of the trial court." 734 F.2d at 1309. The case does not even remotely stand for the proposition that such allegations should be stricken from a civil complaint as "immaterial" or "impertinent."

**IT IS ORDERED** that defendant's Motion to Strike (Filing 5) is denied.

**DATED September 7, 2006.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett
                                        **United States Magistrate Judge**